[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Donald Persico (Persico) brings this complaint alleging that Shawn T. Burns (Burns) unlawfully, without a warrant and without probable cause arrested Donald Persico (Persico). Persico seeks damages both compensatory and punitive for violation of Persico's constitutional right under the Fourth
and Fourteenth Amendments to the United States Constitution. Essentially Persico seeks common law compensatory damages, punitive damages pursuant to 42 U.S.C. § 1983 and attorney's fees and cost pursuant to 42 U.S.C. § 1988.
The facts in this case are in dispute particularly as to what Persico's actions were at the time of the altercation that took place at Dunkin Donuts Restaurant in New Haven. On July 23, 1994 at about 4:40 P.M. police were summoned to the restaurant for an altercation between Persico and his ex-girl friend, Mary Barra (Barra). The first officer to arrive at the scene was officer Hector Santiago (Santiago) who was passing by the restaurant on the way to an extra duty assignment. Notwithstanding that Santiago was not sued or made a defendant in this action Persico CT Page 8044 argues that he was thrown to the floor by Santiago. Prior to Santiago's appearance on the scene the investigation develops that Persico was sitting at a table at Dunkin Donuts with a friend when Barra entered and started to yell and scream at Persico that he ignored her earlier in the day and struck him over the right temporal area. Because she was wearing a ring he suffered a cut on his head causing him to bleed. Persico at the time of trial persisted in his testimony that he did not in any way physically touch Barra. The next officer to arrive on the scene was Sgt. William Tinker (Tinker) who responded to a signal 20 or 37 that a fight was in progress. When Tinker arrived he observed Santiago and a man on the floor bleeding. Tinker at trial stated that when he asked Persico what happened, Persico said "She got in my face, I pushed her away and she (Barra) hit me." Tinker tried speaking to Barra but she appeared incoherent. Burns testified that he received a call to go to Dunkin Donuts. When Burns arrived Persico was sitting on the ground bleeding from the head. Tinker was the only officer there; also medics and ambulance had already arrived before Burns. Burns interviewed Barra and Persico and prepared an incident report (see Exh. D). The report discloses that Persico pushed Barra away. Burns did not interview Santiago because he had already left the scene. Burns stated that in his interview with Barra she informed him she was having an argument with Persico, that he pushed her and she struck Persico. Burns placed Barra under arrest charging her with assault in the third degree and she was transported to the detective bureau. Burns helped Persico into an ambulance that transported him to the hospital.
Burns proceeded to the hospital and gave him a citation (Exh. A).
The defendant, Burns argues that based upon the conversation that Burns had with Tinker, Barra, and Persico that there was probable cause to arrest Persico. Burns next argues that the conduct complained of by Persico does not constitute an arrest for constitutional purposes; and thirdly that the plaintiff is not entitled to damages. (citations omitted).
The defendant argues that the first threshold question to be answered is whether the issuance of the citation constituted an arrest for constitutional purposes. The defendant has provided the court with the case of Oliver v. Dignotti DN 84-205 (MJB) U.S.D.C. of Connecticut. In a well reasoned opinion by Judge Blumenfield, the court held that Oliver as in this case Persico CT Page 8045 brings the action under 42 U.S.C. § 1983 which provides in pertinent part:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
In the instant case Persico claims as in Oliver Supra to have been arrested without probable cause in violation of his Fourth
and Fourteenth Amendment right of protection against a false arrest without a warrant.
"In criminal procedure an arrest consists in the taking into custody of another person under real or assumed authority for the purpose of holding or detaining him to answer a criminal charge . . ." 6A C.J.S. Arrest § 4 (1975). As the Supreme Court stated in Terry v. Ohio, 392 U.S. 1, 19, n. 16 (1968):
 Obviously, not all personal intercourse between policemen and citizens involves "seizures" of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a "seizure" has occurred.
See also United States v. Mendenhall, 446 U.S. 544 (1980); Statev. Smolen, 4 Conn. Cir. Ct. 385 (1967).
"In the present case, defendant came to the police station to receive a summons and was charged with a crime, but he was never detained or taken into custody. Indeed, there is no evidence that his freedom of movement was restrained in any way. The court therefore concludes that there was no "arrest", and the plaintiff cannot recover for false arrest." Oliver v. Dignolfi Supra.
Persico was never detained or taken into custody or restrained in any way other than a citation to appear in court. Persico was not finger printed or held under any bond CT Page 8046 requirements.
Persico introduced payments to his lawyer for $1,000.00. It is unclear to the court if this payment was made for legal services attached to the citation or for fees for this action.
This court will not address the defense of qualified immunity because of its ruling as to the nature of this arrest. Burns did not restrain or take into custody Persico he merely issued him a summons and citation under a uniform ticket.
The court further finds, however, that the plaintiff failed to meet his burden of proof that there was no probable cause for the citation/arrest. The more credible evidence supports the report that Persico pushed and or physically made contact with Barra during the altercation.
Persico argues that his warrantless arrest was not supported by probable cause in this case.
"To arrest a person the police must have knowledge of facts and circumstances sufficient to cause a reasonable person to believe a crime has been committed." (citations omitted).
Burns had reason to believe based upon his investigation and the more credible evidence that Persico and Barra were in a physical altercation at the time. Accordingly Judgement is entered in favor of the defendant.
Frank S. Meadow Judge Trial Referee